ELLIS, Judge.
Michael Ansley’s drivers license was suspended under the provisions of R.S. 32:414(B)(2). He brings this action under the provisions of R.S. 32:415.1 against the State of Louisiana, through the Department of Public Safety, praying for the issuance of a restricted drivers license on the ground of economic hardship. After trial on the merits, judgment was rendered dismissing the suit, and plaintiff has appealed.
The record indicates that Mr. Ansley has been involved in two automobile accidents since May, 1973, has two convictions for *519 moving violations, and two convictions for driving while intoxicated. His drivers license was ordered suspended by the Department for driving while intoxicated, second offense. The license had not previously been suspended.
At the trial, Mr. Ansley testified that he has a wife and three teen age children, all of whom are dependent on him for support. He stated that he was employed by the York Division of Borg-Warner as a factory representative and technical advisor on industrial, heavy commercial refrigeration and air conditioning equipment and that he is always on call. He had a pick-up truck belonging to his employer, which he uses exclusively on company business.
He further testified that he has worked in the past as a millwright and electrician. He did not testify that he would lose his job if unable to drive, or that other arrangements for transportation could not be made.
R.S.- 32:415.1(A)(1) provides:
“Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person within thirty days after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family.”
Plaintiff contends that the trial judge must grant a restricted license if the plaintiff satisfies the burden of proof placed on him by the foregoing section. We do not agree. The trial judge certainly has the discretion to do so, but since the statute is couched in permissive rather than mandatory terms, is not obligated to do so, even if plaintiff proves that the “lack of a license would deprive the person or his family of the necessities of life.”
In this case, plaintiffs testimony does not show that his family would be deprived of the necessities of life if he did not have a license. Plaintiff had surrendered his license over a month before the hearing in this case, and was apparently still employed in the same job. He was able to work at two other trades, millwright and electrician, in the event he should lose his job.
In any event, plaintiff’s driving record was such that a refusal by the trial judge to grant him restricted driving privileges would not constitute an abuse of his discretion.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.