SWIFT, Judge.
The plaintiffs driver’s license was suspended for one year in accordance with LSA-R.S. 32:415 following his conviction for driving with a suspended or revoked license. He then filed this action against the State of Louisiana, through the Department of Public Safety, under the provisions of LSA-R.S. 32:415.1, praying for the issuance of a restricted driver’s license due to economic hardship. After a hearing judgment was rendered on June 9, 1981, granting the plaintiff an unrestricted driver’s license. The defendant has appealed.
The only issue before this court is whether the trial judge had authority to issue an unrestricted driver’s license under LSA-R.S. 32:415.1 which provides in part as follows:
“A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court and shall include the following:
“(a) Licensee shall only be permitted to operate motor vehicle on such streets as would enable him to earn his livelihood.
*1268 “(b) Such operation is restricted to such times at which he is involved in earning a livelihood.
“(c) During the period of suspension, licensee shall be responsible for applying to the court in the event that earning his livelihood necessitates a change in the original restrictions proposed by the court.
“(d) Any other restrictions that the court determines to be necessary and proper.” [Emphasis added.]
Under this statute it is discretionary with the trial court whether or not the department will be ordered to grant a restricted license to enable the person to continue to support his family. Ansley v. State, Dept. of Public Safety, 356 So.2d 518 (La.App. 1 Cir. 1977). However, if the court decides to do so the license must include the restrictions set forth in sub-paragraphs (l)(a) through (d).
In the present case plaintiff was granted an unrestricted license contrary to the mandatory provisions of the statute. It therefore erred in this respect.
Since we are unable to determine from the record the streets which plaintiff must travel to enable him to earn his livelihood and the time periods necessary for such travel, the case must be remanded to the trial court for its determination of the extent of the restrictions to be placed upon the plaintiff’s driver’s license.
For these reasons the judgment of the district court is reversed insofar as it granted an unrestricted driver’s license to the plaintiff, but it is otherwise affirmed. The case is hereby remanded to the district court for further proceedings consistent with law and this opinion. The costs of this appeal are assessed to plaintiff-appellee.
REVERSED IN PART AND REMANDED.