EDWARDS, Judge.
Following the suspension of his driving license for one year upon his second DWI offense, William M. Davis, Jr. (plaintiff) filed a petition pursuant to R.S. 32:415.1 seeking a restricted driver’s license on the basis fo economic hardship. The trial court denied plaintiff’s petition and this devolu-tive appeal was taken. We affirm.
Under R.S. 32:415.1, a trial court may order the Department of Public Safety to issue a restricted driver’s license to an individual when it is shown that the lack of a license would result in economic hardship, i.e., deprive the person or his family of the *76 necessities of life or prevent the individual from earning a livelihood.
The only evidence offered by Mr. Davis to prove economic hardship under R.S. 32:415.1 was his own testimony. At the hearing, he testified that he is separated from his wife, and his father and sister now live with him in Baton Rouge, Louisiana. His father has coronary problems, while his sister suffers from arthritis. Mr. Davis stated he works as a quality control lab supervisor at Exxon Plastics in Baker, Louisiana. He has previously driven himself to work.
Although his father is disabled, Mr. Davis’ testimony did not completely discount the possibility of his sister driving him to work, despite her arthritis. His testimony indicated that she drives and owns a car. Moreover, he did not testify that other arrangements for transportation were unavailable.
Additionally, Mr. Davis did not testify that he would lose his job if unable to drive. Nor did he state that it would be impossible to continue working without a driver’s license.
Based on the foregoing evidence offered by Mr. Davis, we find no error in the trial court’s conclusion that he did not establish the required economic hardship for a restricted license under R.S. 32:415.1. Under similar facts, this court upheld a denial of a restricted license in Ansley v. State, Dept. of Public Safety, 356 So.2d 518 (La.App. 1st Cir.1977). In that case, as here, plaintiff failed to testify that he would lose his job if unable to drive, or that other arrangements for transportation could not be made.
Mr. Davis’ failure to satisfy the burden of proof makes it unnecessary for us to decide whether the term “family” in R.S. 32:415.1 covers an extended family as in this case.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.