GOTHARD, Judge.
This appeal is from judgment denying the plaintiffs petition to have his conviction for driving under the influence of alcohol in Mississippi removed from his driving records by the Department of Public Safety-
The only issue before us is whether the court erred in disallowing the expungement, to which he believes he would have been entitled under Louisiana law.
The plaintiff, Larry J. Alario, pled guilty to a DWI charge in Pearl River County, Mississippi in January, 1987. In accordance with the Driver License Compact, LSA-R.S. 32:1420 et seq., the licensing authority of Mississippi reported the conviction to the Louisiana Department of Public Safety, which entered the conviction on Alario’s Operator’s Driving Record and suspended his license for sixty days.
Alario seeks to have the conviction expunged from the records on the basis of *1165 La.C.Cr.P. art. 894.[1] The statute provides that in the case of a conviction for driving under the influence of alcohol, the court may suspend all or part of the sentence and place the defendant on probation for a period of up to two years. At the conclusion of the sentence, if there has been no other conviction and no charge is pending, the court may set aside the conviction and dismiss the prosecution, amounting to an acquittal.
LSA-R.S. 32:853 provides for exclusion of a DWI conviction from the “operating record,” as follows:
Sec. 853 A. (l)(c).
The operating record of a person shall not include those arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages nor shall it include any record of any civil sanction imposed, including the suspension of a license, as a result of such an arrest when any of the following occur:
(i) The person submitted to an approved chemical test and the test resulted in a blood alcohol reading of less than .10 percent by weight of alcohol in the blood and the person is found not guilty.
(ii) The person was found not guilty whether or not he submitted to a test and the person has completed his administrative suspension period.
(iii) The person was convicted but the conviction was set aside pursuant to Code of Criminal Procedure Article 894.
A (3) When a defendant has been convicted of the misdemeanor offense of operating a vehicle while intoxicated, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised or supervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.
B. When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the period of suspension that the defendant has not been convicted of any other offense during the period of the suspended sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period.
The plaintiff’s position is that he is not asking to have the 24th Judicial Court set aside the conviction but only to have it erased from the record. He argues that had the incident taken place in Louisiana, he would have received a suspended sentence and probation.
He states that Mississippi does not allow expungement or suspended sentences in DWI convictions. He argues that under the Driver License Compact, Louisiana may apply its own law to erase the conviction. R.S. 32:1420, Article VI reads as follows:
Applicability of other laws
Except as expressly required by provisions of this compact, nothing contained herein shall be construed to affect the right of any party to apply any of its other laws relating to licenses to drive to any person or circumstance, nor to invalidate or prevent any driver license agreement or other cooperative arrangement between a party state and a nonparty state.
Clearly, the statute refers only to the “laws relating to licenses to drive” and no others.
The plaintiff voluntarily undertook to perform 32 hours of community service and to complete the Drivers’ Improvement and Substance Abuse Program of the Second Parish Court of Jefferson, allegedly in an effort to comply with Louisiana law. He asserts that if the offense had occurred in Louisiana, he would have received a suspended sentence and after completing probation the conviction would have been set aside and erased; having complied with the *1166 sentence he would have received, he is now entitled to expungement. We find no merit in this argument.
Although the appellant states that he only seeks to have the record changed, he overlooks the fact that setting aside the conviction is a requirement of deleting the conviction from the operating record. R.S. 32 Sec. 853(A)(l)(c)(iii). As a Louisiana court has no jurisdiction over criminal proceedings from offenses committed in another state, it cannot set aside a Mississippi conviction. Accordingly, the relief the appellant seeks cannot be granted.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.

. The pertinent sections of La.C.Cr.P. art. 894 read as follows: