566 So.2d 1021 (1990)
Gregory A. VAUGHN, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Defendant-Appellant.
No. 89-262.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1990.
Gregory Vaughn, Ferriday, in pro. per.
Robert L. Roshto, Baton Rouge, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and FORET, JJ.
*1022 DOMENGEAUX, Chief Judge.
Gregory A. Vaughn was convicted in the State of Mississippi of the offense of driving while intoxicated. Vaughn is a Louisiana resident holding a Louisiana driver's license. The Louisiana Department of Public Safety and Corrections was notified of the conviction, and Vaughn's license was suspended for sixty days pursuant to La. R.S. 32:414.
Vaughn filed a petition in Concordia Parish against the Department of Public Safety seeking a restricted license in accordance with La.R.S. 32:415.1. He also prayed for a temporary restraining order directing the Department of Public Safety to refrain from suspending Vaughn's license until a hearing could be held on the application for a restricted license. The temporary restraining order was granted immediately and renewed three months later.
The Department of Public Safety answered the petition and attached to its answer a copy of Vaughn's driving record. The Department waived its appearance at the hearing.
The trial court rendered judgment in Vaughn's favor, reinstating his license without restrictions. The court deemed the reinstatement fee of $60.00, imposed by La.R.S. 32:414 G(1)(b)(ii), unconstitutional and rendered it uncollectable. Finally, the court ordered that the Mississippi DWI conviction be set aside under La.C.Cr.P. art. 894. The Department has appealed this judgment, assigning as error the impropriety of the trial court's three rulings. We reverse and remand.
The first issue before this court is whether the trial judge had authority to issue an unrestricted driver's license under La.R.S. 32:415.1. In the factually similar case of Brossette v. State, through the Department of Public Safety, 411 So.2d 1267 (La.App. 3rd Cir.1982), this court noted that Section 415.1 gives the court discretion in granting a restricted license to enable a person to continue to support his family. Once that discretion is exercised in the plaintiff's favor however, the court must include the restrictions set forth in Section 415.1 A(1)(a)-(d). Brossette, at 1268.
In the present case, Vaughn was granted an unrestricted license contrary to the mandatory provisions of the statute. We therefore reverse that portion of the trial court's judgment granting Vaughn an unrestricted license and remand for a determination of the restrictions that must be placed on the license during the remaining period of suspension.
The second issue before us is whether the trial court properly ruled that the $60.00 reinstatement fee of Section 32:414 G(1)(b)(ii) was an unconstitutional assessment. Vaughn did not contest the fee, nor did he plead the question of unconstitutionality in his petition or at the hearing. The trial court raised the constitutional issue on its own and this was error. The question of unconstitutionality of a statute must be specially pleaded to be considered by the court. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La. 1984). The only exception to this rule arises when the statute at issue interferes with or curtails the plenary power vested in the court by the state constitution. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La.1987). While it may be argued that the $60.00 reinstatement fee is actually a "fine assessed by an administrative agency as a result of criminal activity" (as stated by the trial court), and may therefore infringe on the criminal jurisdiction of the trial court, we find the $60.00 fee to be just thata fee, not a fine. Therefore, it does not infringe on the plenary powers of the judiciary, and the trial court's ruling on this point must be reversed.
The third issue raised in this appeal is whether the trial court had authority to set aside Vaughn's DWI conviction rendered by a Mississippi court. Because a Louisiana court has no jurisdiction over criminal proceedings held in other states, it cannot set aside a Mississippi conviction. Alario v. State, through the Department of Public Safety, 530 So.2d 1164 (La.App. 5th Cir.1988). Accordingly, the trial court erred in setting aside the Mississippi conviction. *1023 This ruling, however, has no effect on whether the Mississippi conviction can be used for enhancement purposes should Vaughn be convicted of a second DWI offense.
For the foregoing reasons, the judgment of the trial court is reversed. The case is remanded for a determination of the restrictions that must be placed on Vaughn's driver's license as required by La.R.S. 32:415.1 A(1)(a)-(d). Costs of this appeal are assessed to plaintiff.
REVERSED AND REMANDED.