hWATSON, Justice.[1]
_JjThis is a direct appeal from the trial court’s declaration that R.S. 27:13(C)(6) is unconstitutional insofar as it restricts contributions to committees supporting or opposing issues.
FACTS
Plaintiff, Charles A. Brown d/b/a Triam-bient Lounge & Restaurant is a video gaming licensee of the Louisiana Gaming Control Board who wishes to contribute to an advertising fund promoting video poker.
The pertinent part of the statute, R.S. 27:13(C)(6) provides:
No member or board employee nor a member of the immediate family of a board member or board employee nor any casino operator or any other licensee or permittee shall make a contribution or loan to, or expenditure on behalf of, a candidate or committee.
Like all legislative enactments, R.S. 27:13(C)(6) enjoys a presumption of constitutionality. Polk v. Edwards, 626 So.2d 1128 (La.1993).
In the definitions section of the statute, the words “candidate” and “committee” are defined according to R.S. 18:1483.
|3R.S. 18:1483(3)(a) defines a candidate. The word includes any public servant required to file campaign finance reports and anyone whose expenditures or contributions exceed $500.00. The candidate prohibition is not at issue here.
“Committee,” R.S. 18:1483(14), means two or more persons organized to support or oppose any candidate, proposition, recall or political party which handles funds in excess of $500.00 within a calendar year. Candidate committees are not an issue here.
After the enactment of R.S. 27:13(0(6), the Louisiana Gaming Control Board adopted Emergency Rule 107, which provides: “no casino operator, licensee or permittee of the Board shall make a contribution, loan, or expenditure to or on behalf of a candidate or committee.”
The trial court decided that R.S. 27:13(C)(6) insofar as it restricts contributions to committees supporting or opposing issues, i.e., independent expenditures not linked to a candidate, is unconstitutional. The trial court issued a preliminary injunction. A suspensive appeal was granted.

LAW

Strict scrutiny applies to any regulation of First Amendment rights. Citizens Against Rent Control v. City of Berkeley, 454 U.S. 290, 102 S.Ct. 434, 70 L.Ed.2d 492 (1981).
|/The Supreme Court’s most recent expression on the First Amendment versus gambling regulation was in Greater New Orleans *1181 Broadcasting Assn. v. U.S., — U.S. -, 117 S.Ct. 39, 136 L.Ed.2d 3 (1996) which vacated a U.S. Fifth Circuit opinion at 69 F.3d 1296 (5th Cir.1995). See Dana M. Shelton, Note, The Fifth Circuit Upholds Federal Ban on Casino Gambling Advertising Against First Amendment Challenge: Greater New Orleans Broadcasting Association v. United States, 70 Tul. L. Rev. 1725 (1996). The Fifth Circuit held that the substantial governmental interest served by a federal statute prohibiting casino gambling radio and television advertisements was sufficient to override the First Amendment. Judge Politz stated in dissent:
... protection of commercial speech is not vitiated when the speech concerns lawful but potentially harmful activity, such as alcohol consumption or gambling. 69 F.3d at 1303.
The United States Supreme Court remanded the Greater New Orleans Broadcasting Assn, case for further consideration in light of 44 Liquormart, Inc. v. Rhode Island, 517 U.S. -, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996).
Liquormart held that Rhode Island’s ban on advertising retail liquor prices except at the place of sale violated the First Amendment. Speech prohibitions of this type rarely survive constitutional review. Liquormart states that Posadas de Puerto Rico Associates v. Tourism Co. of P.R., 478 U.S. 328, 106 S.Ct. 2968, 92 L.Ed.2d 266 (1986) “clearly erred” in allowing a legislature to suppress casino advertising. Liquormart, — U.S. at -, 116 S.Ct. at 1511-12, 134 L.Ed.2d at 732.
Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), held that the Federal Election Campaign Act’s candidate political contribution ceilings did not violate the First Amendment or invidiously discriminate against non-incumbent candidates. They were supported by the substantial government interest in limiting corruption.
First National Bank of Boston v. Bellotti, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978), held that a Massachusetts statute, which prohibited certain corporations from making contributions to influence votes, was an unconstitutional abridgement of free speech in violation of the First and Fourteenth Amendments. The question in that case was whether the corporate identity deprived the speech of its otherwise clear entitlement to protection. Justices White, Brennan, and Marshall dissented, stating that the statute properly prohibited corporate management from using corporate monies to promote management’s personal views. Justice Rehnquist also dissented on the ground that business corporations, unlike natural persons, have a limited right of political expression.
Citizens Against Rent Control v. City of Berkeley, 454 U.S. 290, 102 S.Ct. 434, 70 L.Ed.2d 492 (1981) dealt with a Berkeley, California ordinance limiting ^contributions to committees formed to support or oppose ballot measures to $250.00. The California Supreme Court held that the ordinance furthered compelling governmental interests because it insured that special interest groups could not corrupt the initiative process by spending large amounts to support or oppose a ballot measure. The United States Supreme Court reversed, holding that the ordinance’s restraints on association and expression contravened the First Amendment. There is no significant state interest in curtailing debate and discussion of ballot measures.
Citizens Against Rent Control states:
Contributions by individuals to support concerted action by a committee advocating a position on a ballot measure is beyond question a very significant form of political expression. As we have noted, regulation of First Amendment rights is always subject to exacting judicial scrutiny. 454 U.S. at 298, 102 S.Ct. at 438, 70 L.Ed.2d at 500.
Whatever may be the state interest or degree of that interest in regulating and limiting contributions to or expenditures of a candidate or a candidate’s committees there is no significant state or public interest in curtailing debate and discussion of a ballot measure. Placing limits on contributions which in turn limit expenditures plainly impairs freedom of expression. 454 *1182 U.S. at 299,102 S.Ct. at 439, 70 L.Ed.2d at 501.
Federal Election Commission v. National Conservative Political Action Committee, 470 U.S. 480, 105 S.Ct. 1459, 84 L.Ed.2d 455 (1985) held that an expenditures limitation on political committees was constitutionally infirm. |-/Preventing corruption or the appearance of corruption is the only justification for restricting campaign financing. The fact or appearance of corruption is defined as a “financial quid pro quo of dollars for political favors” from a candidate. 470 U.S. 480 at 497, 105 S.Ct. 1459 at 1468-69. There is a fundamental constitutional difference between money spent to advertise views and money contributed to a candidate.
The trial court here relied on Let’s Help Florida v. McCrary, 621 F.2d 195 (5th Cir.1980), aff'd, 454 U.S. 1130, 102 S.Ct. 985, 71 L.Ed.2d 284, cert. denied, 454 U.S. 1142, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982), which held that a Florida statute restricting contributions to political committees organized to urge passage of a casino gambling amendment was unconstitutional. Let’s Help Florida points out the distinction between the State’s interest in regulating a candidacy election and an issue referendum election. Let’s Help Florida holds that:
... the Florida statutes that restrict the size of contributions in a referendum election abridge important first amendment rights and are ill-suited for preventing corruption or for promoting disclosure. 621 F.2d at 201.
Colorado Repub. Campaign Comm. v. FEC, 518 U.S. -, 116 S.Ct. 2309, 135 L.Ed.2d 795 (1996) held that Colorado limitations on a political party’s expenditures in a U.S. Senate campaign violated the First Amendment. The | ¡¡Colorado case makes explicit the distinction between expenditures coordinated with a candidate and independent expenditures.
The opinion in Colorado has three judges expressing the view that independent expenditures are entitled to First Amendment protection. Four judges concurred in the result but dissented from the candidate exception, stating that regulation of candidate expenditures is not permitted by the First Amendment. Two dissenting justices expressed the view that political party expenditures to secure the election of its candidate ought to be considered candidate contributions. Thus, a clear majority of seven held that limits on independent expenditures violate the First Amendment.
The vast majority of federal and state courts have upheld constitutional challenges to committee contribution restrictions. One New Jersey court of appeal allowed a prohibition against gambling interest contributions.
Soto v. State, 236 N.J.Super. 303, 565 A.2d 1088 (App.Div.1989), U.S. cert. denied, 496 U.S. 937, 110 S.Ct. 3216, 110 L.Ed.2d 664 (1990), dealt with a New Jersey statute prohibiting casino officers or key employees from contributing to candidates or groups organized to support candidates. Soto states: “Gambling is an activity rife with evil .... it is the pronounced policy of the State to regulate and control the casino industry with the utmost strictness to the end that public confidence and trust in the honesty and integrity of the State’s regulatory machinery |3can be sustained.” 565 A.2d at 1094. The Soto plaintiff argued that she was being denied equal protection because the prohibition did not extend to those in the liquor and horse racing businesses. The argument was rejected on the ground that casino gambling is a unique activity.
Soto is the only case supporting the State of Louisiana’s position in support of the legislation. However, the New Jersey statute prohibited casino contributions to candidates or groups organized to support candidates. Here we are dealing with contributions to promote a point of view, a decided difference. Colorado, supra. Regardless of Soto ⅛ merits, its rationale does not apply here.
CONCLUSION
The expenditures prohibited by the Louisiana statute are clearly independent expenditures, not candidate coordinated, and are entitled to the broadest First Amendment protection. Individuals, candidates, political committees and political parties have a constitutional right to make unlimited inde *1183 pendent expenditures. Citizens Against Rent Control, supra; Federal Election Comm’n, supra; Colorado, supra.
When a matter is submitted to the public for a vote, it is essential that the public has a free flow of information. Greater New Orleans Broadcasting Assn., supra. The fact that many consider gambling and liquor vices does not justify the | ^suppression of differing views. There is no vice exception to the right of free speech. Liquormart, supra, — U.S. at -, 116 S.Ct. at 1513, 134 L.Ed.2d at 734. Contributions to committees advocating a point of view cannot be restricted without violating the First Amendment. Citizens Against Rent Control, supra.
The State’s interest in limiting contributions to candidates and candidates’ political committees does not justify limiting contributions to committees supporting or opposing ballot measures. First National Bank of Boston, supra. The corruption rationale only applies to candidate or candidate committee limitations. Citizens Against Rent Control, supra.
Gambling activity is strictly regulated and may be suppressed. However, the State may not ban commercial speech simply because the State may constitutionally prohibit the underlying conduct. Liquormart, supra, — U.S. at -, 116 S.Ct. at 1512-13, 134 L.Ed.2d at 733.
The First Amendment clearly prohibits suppression of information. Communicating ideas requires the expenditure of money, and Louisiana may not restrict contributions to political committees organized to communicate ideas.

DECREE

| nR.S. 27:13(0(6) is clearly unconstitutional under the First Amendment to the U.S. Constitution insofar as it prohibits contributions to committees supporting or opposing ballot measures. The equal protection question is pretermitted. The trial court correctly found the law unconstitutional in part and granted a preliminary injunction. The trial court judgment is affirmed. The State of Louisiana and the Louisiana Gaming Control Board are enjoined against enforcing R.S. 27:13(C)(6) and Emergency Rule 107 insofar as they prohibit contributions, expenditures and loans to independent committees unconnected with candidates. Any rehearing applications must be filed within forty-eight hours of rendition of this opinion, which is handed down at 2:35 p.m., October 15, 1996.
AFFIRMED. INJUNCTION ISSUED. REHEARING DELAY LIMITED TO FORTY-EIGHT HOURS.
BLEICH, J., dissents and assigns reasons.

. Victory, J., not on panel. Rule IV, §3.