709 So.2d 1072 (1998)
Michael J. JOHNSON, Plaintiff-Appellant,
v.
Carol AYMOND, Jr., et al., Defendant-Appellee.
No. 97-1466.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
*1073 Michael J. Johnson, Bunkie, pro se.
Keith Wayne Manuel, Marksville, for Michael J. Johnson.
Mark Anthony Jeansonne, Hessmer, for Carol Aymond Jr., et al.
Rodney Marchive Rabalais, Marksville, for Avoyelles Publishing Co., & Randy Decuir.
James Michael Percy, Susan C. Segura, Alexandria, for Central Newspapers, Inc.
Before THIBODEAUX, COOKS and AMY, JJ.
AMY, Judge.
Plaintiffs[1] appeal the trial court's grant of an exception of no cause of action filed by Central Newspapers, Inc. We reverse.

DISCUSSION OF THE RECORD
Both McKinley Keller and Michael Johnson filed a petition for damages against several defendants, including Central Newspapers, Inc., for damages allegedly sustained by the publication and/or dissemination of the contents of an allegedly illegally intercepted communication between Keller and Johnson. Plaintiffs suits have been consolidated on appeal.
According to the allegations of those lawsuits, Carol Aymond, Jr., one of the named defendants, allegedly recorded a telephone conversation between Keller and Johnson, as well as a conversation between Keller and several other public officials. On November 6, 1997, Aymond called a press conference at which he distributed a purported transcript of the Keller/Johnson conversation to reporters and spectators. The following day, November 7, 1997, Aymond mailed a copy of the conversation to the special counsel to the Louisiana Judiciary Commission. It is further alleged that over the next few days, various news articles were published containing excerpts from the communication between Keller and Johnson which was alleged to have been illegally intercepted. These news articles are the focus of concern for the plaintiffs who have brought suit against the remaining defendants, including Central Newspapers, Inc. Further, according to the allegations, a second press conference was held on November *1074 13, 1997 at Aymond's office, during which a transcript of the conversation between Keller and the other public officials was distributed. From the record, it appears that the contents of this second transcript were never reproduced by the media.
Central Newspapers, Inc. filed a peremptory exception of no cause of action contending that "the Electronic Surveillance Act [La. R.S. 15:1301, et seq.][2] does not bar the publication or broadcast of an allegedly illegally intercepted telephone conversation after that conversation has already been disclosed...."
The trial judge, in his reasons for ruling, stated:

III. RULING:
The petition filed by plaintiffs does state a cause of action based on a literal reading of the Electronic Surveillance Act, however, for two separate reasons the Exception filed by Central Newspapers, Inc. is proper and with full merit. These reasons are as follows:
1) Central Newspapers, Inc. published information which had already been disclosed. Central Newspapers, Inc. is not alleged to have intercepted the conversation nor aid the perpetrator. They did not violate the statute, therefore, there can be no civil cause of action.
2) Once the contents of the alleged illegally intercepted conversation was disclosed, prohibiting the newspapers from reporting this news would violate their constitutional rights.
Accordingly, the Peremptory Exception of No Cause of Action as filed by Central Newspapers, Inc. be and is hereby GRANTED.
Plaintiffs appeal, assigning the following trial court errors: (1) trial court erred in dismissing their claims against Central Newspapers, Inc. after finding that the literal interpretation of the Electronic Surveillance Act does support a cause of action; and (2) the trial court erred in finding that to apply the Electronic Surveillance Act in this case would be unconstitutional.

MERITS
First, we address the trial court's ruling which essentially declared the Electronic Surveillance Act unconstitutional as applied to the actions of Central Newspapers, Inc. It is unclear from the limited record lodged in this appeal whether the trial court considered on its own motion the constitutionality of the Electronic Surveillance Act as it applied to this defendant or whether said consideration was a result of language contained in plaintiffs' memorandum in opposition to defendant's exception.[3] Regardless, *1075 we find that consideration of the constitutionality of the Electronic Surveillance Act by the trial court was error.
The Louisiana Supreme Court, in the case of Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94); 646 So.2d 859, 864-65, stated:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. [Citations omitted].
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.
(Emphasis added).
Further, when considering the constitutionality of a statute, the supreme court, exercising the policy of judicial self-restraint, recognizes the general presumption of a statute's constitutionality. Brown v. State, Dep't of Pub. Safety & Corrections, 96-2204 (La.10/15/96); 680 So.2d 1179. The attacker to the statute's constitutionality bears the burden of proving specific constitutional infirmities. Id. The only time a court has the authority to raise the issue of the constitutionality of a statute on its own motion is "when that statute interferes with or curtails the plenary power vested in the court by the state constitution." City of Baton Rouge, v. Stauffer Chem. Co., 500 So.2d 397, 400 n. 7 (La.1987); see also Vaughn v. State, Dep't of Pub. Safety & Corrections, 566 So.2d 1021 (La.App. 3 Cir.1990). Additionally, once the constitutionality of a statute is questioned, the attorney general must be notified by certified mail of the proceeding and, at his discretion, shall be allowed to represent the interest of the state. La.R.S. 13:4448. Because none of these procedures were observed, and the statute does not interfere with or curtail the plenary powers vested in the trial court by our constitution, the issue of constitutionality was not in proper posture for consideration.
Next, we consider the merits of Central Newspapers, Inc.'s exception of no cause of action. An appellate court, when measuring the legal sufficiency of a petition to state a cause of action, must ascertain, by looking only to the face of the petition, whether there are sufficient facts alleged to establish a case cognizable at law. See Craft v. Allstate Ins. Co., 95-160 (La.App. 3 Cir. 8/30/95); 663 So.2d 116, writ denied, 95-2403 (La.12/15/95); 664 So.2d 454. For purposes of this determination, all allegations stated in the petition are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. Weber v. State, 93-0062 (La.4/11/94); 635 So.2d 188.
After reviewing both petitions for damages, as did the trial court before us, we find that the allegations, when accepted as true, support a cause of action under the literal language of the Electronic Surveillance Act. See La.R.S. 15:1303(A)(4) and La.R.S. 15:1307(B). Accordingly, since we find the petitions state a cause of action under the language of the statute, the matter is remanded to the trial court for further proceedings.

DECREE
For the foregoing reasons, the decision of the trial court sustaining Central Newspapers, Inc.'s exception of no cause of action is reversed. This matter is remanded to the Twelfth Judicial District Court for further proceedings. All costs associated with this consolidated appeal are assessed to the appellee, Central Newspapers, Inc.
REVERSED AND REMANDED.
NOTES
[1] This case was consolidated with Keller v. Aymond, 97-1467 (La.App. 3 Cir. 4/1/98); 709 So.2d 1076. The plaintiff in the present case, 97-1466, is Michael J. Johnson. The plaintiff in the companion case, 97-1467, is McKinley Keller. We discuss both cases in this opinion.
[2] The relevant provisions of the Electronic Surveillance Act are La.R.S. 15:1303, La.R.S. 15:1307, and La.R.S. 15:1312.

La.R.S. 15:1303 provides in pertinent part:
A. Except as otherwise specifically provided in this Chapter, it shall be unlawful for any person to:
* * * * * *
(4) Willfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection.
La.R.S. 15:1307 provides in pertinent part:
B. No person may broadcast, publish, disseminate, or otherwise distribute any part of the content of an electronic communication intercepted in violation of the provisions of this Chapter unless such dissemination or distribution is made to an investigator or law enforcement officer conducting an investigation into a violation of the provisions of this Section.
La.R.S. 15:1312 provides in pertinent part:
A. Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this Chapter shall have a civil cause of action against any person who intercepts, discloses or uses, ... such communications, and be entitled to recover from any such person:
(1) Actual damages....
(2) A reasonable attorney's fee and other litigation costs reasonably incurred.
(3) Punitive damages.
[3] In written reasons for judgment, the trial judge refers to a memorandum in opposition filed by the plaintiffs and that memorandum has been attached by the plaintiffs to their appellate briefs. However, the memorandum does not likewise appear in the record presented to this court for review. Accordingly, plaintiffs' memorandum provided to the trial court but not filed in the record is not part of the record on appeal and will not be considered. Stacks v. Mayflower Transit, Inc., 95-693 (La.App. 3 Cir. 11/2/95); 664 So.2d 566; Tranum v. Hebert, 581 So.2d 1023 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991).