No. 3256

Second Circuit

SMITH ET AL. v. HENDERSON, CLERK, ET AL.

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)

Dimick & Hamilton, of Shreveport, attorneys for plaintiffs, appellees.

A. M. Wallace and John G. Gibbs, of Shreveport, attorneys for defendant, appellant.

ODOM, J. On December 14, 1922, Ardis & Company, a corporation, filed suit against G. W. Smith, T. H. Lawrence and R. M. Sandidge to recover the sum of $2,353.47, together with interest thereon from November 1, 1918, and ten per cent attorneys' fees, the obligation sued on being evidenced by one promissory note signed by the said Smith, Lawrence, and Sandidge.

Each of the defendants was cited, but neither Smith nor Lawrence made appearance and judgment by default was rendered against them in solido on January 27, 1923.

The defendant, Sandidge, answered the suit and alleged in substance that whereas he signed with the other defendants the note sued on, the debt evidenced by said note was not an obligation of the individuals who signed the same, but "was the debt of the Haughton Gin Company, Limited, and that appearer merely signed said note to secure said indebtedness and that said Haughton Gin Company, Limited, has more than sufficient assets to cover and pay all of said indebtedness without plaintiffs having to call upon the guarantors thereof."

Subsequent to the date on which the original answer of Sandidge was filed, he amended his answer so as to read as follows:

"And in the alternative and in event the Court does render judgment against this appearer, that then and in that event and in event of payment on the part of said Sandidge that said Sandidge be fully and legally subrogated to all such payments against appearer's co-defendants, G. W. Smith and T. H. Lawrence and that he have legal subrogation against said Smith and said Lawrence for their unit portion of said judgment."

At the time this suit was filed, it appears that Ardis & Company had in its hands funds belonging to the said Sandidge amounting to $1912.78, so that when judgment was finally rendered against Sandidge for the full amount of the note sued on, with interest and costs, it was specifically stipulated and ordered that plaintiff, Ardis & Company, apply the sum of $1912.78, then in its hands belonging to the said Sandidge, to the payment of the indebtedness sued upon, and that the judgment rendered be credited with said sum as of date September 25, 1921. And it was further ordered that:

"R. M. Sandidge be and he is hereby subrogated to the rights of plaintiff, Ardis & Company, Limited, arising out of the judgments rendered herein against T. H. Lawrence and G. W. Smith in so far as the payment of $1912.78 made by said Sandidge exceeds one-third (1/3) of the total amount of the judgment rendered herein; otherwise the judgments rendered herein to remain in full force and effect."

The last named judgment was duly recorded in the Mortgage Records of Bossier Parish, on January 24, 1924.

The present suit, brought by G. W. Smith and T. H. Lawrence, is for the purpose of having the said judgment cancelled and erased from the mortgage records, the plaintiffs alleging that they have paid and fully satisfied their pro rata

or proportionate share of the amount due by them under the said judgment. They make J. M. Henderson, Clerk and ex-officio Recorder of Mortgages, the defendant in suit, and join with him as co-defendants the heirs of the said R. M. Sandidge, he having died some time previous to the filing of this suit.

The defendants, in answer, specifically deny that the said judgment has been paid, as alleged by plaintiffs, and pray that their suit be dismissed at their costs.

The lower court found for plaintiffs, ordered the Clerk to cancel and erase the said judgment from the mortgage records of said Parish, and the defendants have appealed from that judgment.

The only question presented for our determination is whether the judgment in favor of R. M. Sandidge against G. W. Smith and T. H. Lawrence, co-defendants with Sandidge in the suit of Ardis & Company, Limited, against them in solido has been paid.

There is no contention on the part of Smith and Lawrence, plaintiffs in this suit or rule to cancel said judgment, that they, or either of them, ever paid to Sandidge, or to any of his heirs, any part of the judgment rendered against them. But, to support their allegations that said judgment has been paid, they offer the following testimony:

On December 14, 1922, the said Ardis & Company, Limited, brought suit against the Haughton Gin Company for $2,009.36, and, on January 26, 1923, judgment was rendered in favor of the plaintiff and against the defendant by default for the full amount sued for. Plaintiffs in the present suit proved, over the objection of the defendants, that they had paid the said judgment against the Haughton Gin Company in full.

Plaintiffs also proved that at some time, probably August or November in 1926, they paid to Crawford, Jenkins & Booth a debt of $795.32, due by the said Haughton Gin Company, making a total of the amounts which they paid for the Haughton Gin Company something over $2800.

The theory on which the plaintiffs contend that the payments which they made of the debts of the Haughton Gin Company should be held as payment of the judgment against them is that the said Haughton Gin Company was owned by them and the said R. M. Sandidge, one-third (1/3) each, and that, therefore, the said Sandidge was indebted unto them for one-third of the amount of the debts which they had paid, said Sandidge's one-third thereof amounting to $900.00 or $1,000, which is about equal to the amount for which the said Sandidge obtained judgment against them in the suit of Ardis & Company vs. Smith, Lawrence and Sandidge.

The proof that these plaintiffs paid the debts of the Haughton Gin Company to the amount of approximately $3,000 is perfectly clear. But, the payments made by these plaintiffs of the debts of the Haughton Gin Company cannot be credited as payments on the judgment which Sandidge had against them in the absence of any agreement between the parties that said payments were to be so credited.

The records show that the Haughton Gin Company was a corporation organized under the laws of this State, in the year 1913. We find in the record a certified copy of the charter of that concern showing that it was organized and incorporated by S. J. West, R. M. Sandidge, T. H. Lawrence, G. W. Smith and J. B. O'Neal. That charter was duly filed and recorded, as the law provides.

In 1922, Ardis & Company sued the corporation, alleging that G. W. Smith, one of the plaintiffs herein, was president, and he was cited as such. In the suit of Ardis & Company vs. Smith, Lawrence and Sandidge, Sandidge made reference to the said Haughton Gin Company by alleging that the debt there sued on was that of the Haughton Gin Company, and he specifically set out at that time that the Haughton Gin Company had ample property out of which the amount sued for might be collected.

There is no testimony in the record which indicates that the said corporation was dissolved at the time said payments were made, or that it has been dissolved up to the present date. The charter of the said corporation provides that it should exist for a period of ninety-nine years, unless sooner dissolved, in accordance with its charter. And the charter, in Article VI, provides that the charter may be abolished by a vote of two-thirds of the stockholders cast at a meeting called for that purpose.

Counsel for plaintiffs attempted to prove that said Haughton Gin Company had never functioned as a corporation, but they failed to do this. G. W. Smith was asked, as a witness, this question:

"Q. Did the Haughton Gin Company ever operate as a corporation?"

And he answered:

"A. No, sir, the Haughton Gin Company never was operated in any sort of a business way as it should have been. We never could get any settlement at all."

Corporations legally established do not automatically cease to exist. The law under which this charter was filed, and the charter itself, specifically provide the methods to be pursued for the dissolution of the corporation and the liquidation of its affairs.

Act 78 of 1904 provides that—

"Wherever parties have attempted to form a corporation and have executed, recorded and published the charter, all contracts made and acts done by such corporation shall be treated as the contracts and acts of valid corporations so far as affects the rights and obligations of the corporation and its shareholders * * *."

According to the testimony of plaintiffs themselves, the amounts which they paid to Ardis & Company and Crawford, Jenkins & Booth were debts of the corporation and not those of R. M. Sandidge, one of the shareholders therein. Under the law and under the charter of the Haughton Gin Company no stockholder in said corporation was or is liable for any debt of the corporation, any further than the unpaid balance due the corporation on the shares of stock subscribed for and owned by him; and it is not shown, or even suggested, that Sandidge owed any balance on the stock for which he subscribed.

If it be conceded, and there is no reason for doing so, that the Haughton Gin Company was a partnership, and not a corporation, the plaintiffs would be in no better plight.

"The partnership once formed and put into action, becomes in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person, which has its peculiar rights and attributes * * * ." Succession of Pilcher, 39 La. Ann. 362, 1 So. 929; Smith vs. McMicken, 3 La. Ann. 322.

Whether the Haughton Gin Company was a corporation or a partnership at the time these plaintiffs made the payments to Ardis & Company and Crawford, Jenkins & Booth, the situation is the same.

If it was a corportion, plaintiffs became creditors of the corporation; and, if a partnership, they became creditors of the partnership when they made these payments. Such payments did not constitute them creditors of R. M. Sandidge. The most that they could claim would be that they, by such payments, became subrogated to the rights of the creditor against the corporation or partnership.

The plaintiffs introduced some testimony to the effect that at some time during the period that the Haughton Gin Company was being operated, the said Sandidge owed the said Haugnton Gin Company something like $1,000 or $1,200, for ginning, which debt he never paid. Even if that be true, the testimony fails to establish that fact with legal certainty.

That was a debt due the Haughton Gin Company and not to Smith and Lawrence.

Counsel for plaintiffs, in brief, state that the attorney for some of the heirs of R. M. Sandidge stated in open court when this case was being tried that the judgment sought to be cancelled had been fully paid and that they had no further interest therein. But the record fails to disclose that any such statement was made. In the absence of any note in the record that the attorney made such an admission, we can give no effect to the suggestion. We note, however, that in the answer of defendants, it is specifically denied that the judgment has been paid, and we note further that counsel for said defendants join the application for an appeal.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed, and it is now ordered, adjudged and decreed that plaintiffs' demand be rejected and their suit dismissed at their costs.