**A. BALDWIN & CO., Inc., v. LELONG et ux.**
No. 14529.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

For former opinion, see 150 So. 573.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellees.

JANVIER, Judge.

When we rendered our decree we did not notice in the record an admission made by counsel for plaintiff that the automatic refrigerator, for the price of which the note sued on was given, had been sold under execution for $80. We, therefore, failed to allow credit for that amount.

The record does not show definitely the date of the said credit and we granted a re-hearing in order to afford the parties an opportunity to point out in the record evidence from which we might, if possible, deduce that date.

Counsel for defendant now suggests that since the record does not show the date, we should remand the matter and permit the introduction of evidence.

Counsel for plaintiff in their brief set forth the date on which they state the proceeds of the sale were received by plaintiff, but the date given by them cannot be correct because the suit at that time had not yet been filed.

If we adopt the view of counsel for defendant and remand the matter, a further delay will ensue and a mere glance at the record will show that there has already been too much delay.

On the other hand, however correct such statements may be, courts cannot accept as evidence statements of fact made by counsel in their briefs, but not appearing in the evidence.

Ordinarily, of course, the burden of showing a credit is on him who claims it. Here, however, the credit resulted from a sale made under a judgment not against the party now entitled to the credit, but against some one else, and, since the sale was made at the instigation of plaintiff and plaintiff received the proceeds, we feel that the burden of showing the date and the amount of the credit rests upon plaintiff. If, then, the burden of making such showing is upon the plaintiff and plaintiff failed to introduce the necessary evidence, we will assume that the sale took place as early as the record shows it could have been made, which is the most favorable date possible from the point of view of defendant. The judgment under which the sale was made was rendered on November 17, 1931. The sale could not have been held prior to November 28, 1931, and we will therefore assume that it was held and that the proceeds were received on that day.

Our original decree is therefore recalled and amended so as to read as follows:

"It is ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, A. Baldwin & Company, Inc. and against Mrs. Alice Richardson LeLong in the sum of $213.-70, with interest thereon at 8 per cent. from November 20th, 1929, and with 15 per cent. attorney's fees on the total amount of principal and interest and for all costs, subject to a credit on November 28, 1931, in the sum of $80.00."

It is further ordered that the said decree, as amended, be now reinstated and made final.

Original decree amended.