DOMENGEAUX, Judge.
Defendant, the Louisiana Insurance Guaranty Association, appeals a summary judgment granted in favor of Shoreline Equipment, Inc., the insured of an insolvent insurer, allowing Shoreline to recover certain funds paid to the insurer of the tort victim of an automobile accident. In excellent written reasons for judgment, which we adopt herein in extenso, the trial judge concluded that Shoreline was entitled to the relief sought. We affirm for the following reasons, as articulated by the trial judge:
“This is a motion for summary judgment by Shoreline Equipment Company on its cross-claim against the Louisiana Insurance Guaranty Association (LIGA). The only issue raised is whether this is a covered claim under the provisions of L.R.S. 22:1375 et seq.
“The plaintiffs, Virginia and Fred Thibo-deaux, originally sued Russell P. Landry, Jr., AVIS Rent-A-Car System, Inc., Shoreline Industries, Inc. (Shoreline), and Shoreline’s insurer, Transit Casualty Ins. Co. for damages arising out of an intersectional collision on October 19, 1984. Landry was an employee of Shoreline. Louisiana Farm Bureau Casualty Ins. Co., plaintiff’s insurer, intervened in the suit to recover payments made to its insureds. After filing of suit, Transit was placed into liquidation; thus plaintiffs amended their petition to add the LIGA as a defendant. Also added was Farm Bureau as plaintiffs’ UM carrier. Farm Bureau amended its intervention to add the LIGA, and filed a cross-claim against all other defendants in its capacity as UM carrier. Shoreline answered with a cross-claim against the LIGA, which is the subject of the current motion for summary judgment. Pursuant to a compromise settlement, all claims in this suit were dismissed with the sole exception of Shoreline’s claim against the LIGA.
“L.R.S. 22:1375 et. seq. is the Louisiana Insurance Guaranty Law. Section 1379(3) defines what types of claims are ‘covered claims’ which fall under the protection of the statute. It expressly excludes ‘any amount due any reinsurer, insurer, insurance pool, or underwriting association, as *1085 subrogation recoveries or otherwise.’ The LIGA argues that the claim at issue here is actually one by Farm Bureau, an insurer, which would be expressly excluded, and that Shoreline’s payment and release of Farm Bureau is an attempt to do indirectly what Farm Bureau could not do directly.
“In the case of Ursin v. Insurance Guaranty Association, 412 So.2d 1285 (La.1982), the Supreme Court on rehearing held that the claim involved was one by an insurer and thus was barred because it was a ‘subrogation recovery or otherwise.’ The court went on to point out problems with the LIGA Law stating:
The result, in terms of when LIGA will be required to pay, often may well depend on the ingenuity of the parties involved. ... Furthermore, an insurer (for instance, an automobile carrier who has paid a collision claim) with subrogation rights against a tortfeasor who has an insolvent insurer, could sue and collect from the tortfeasor insured and in the process expose LIGA to having to reimburse the tortfeasor insured for that sum.
[412 So.2d at 1290.]
“Although the claim presently at issue seems on its face to be a back door method of recovery, it is apparently a good example of ‘ingenuity.’ The record reflects a lump sum cash payment to Farm Bureau by Shoreline for a release of all claims. Shoreline’s claim against the LIGA is thus clearly one by an individual tortfeasor with an insolvent insurer. This is the exact situation recognized as a loophole by the Supreme Court. The legislature has not amended the statute to prohibit suits against the insured in this situation.
“Accordingly, this is a covered claim under the LIGA Law. As the only legal issue has been resolved in favor of Shoreline, and it appearing that there are no material issues of fact, Shoreline is entitled to judgment as a matter of law. The motion for summary judgment is granted in the amount of Six Thousand, Eight Hundred Thirty-Six and 56/100 ($6,836.56) Dollars, with legal interest from the date of judicial demand until paid. It is further held that the LIGA did not act in an arbitrary and capricious manner, thus no penalties and attorney’s fees are awarded.
“Costs of court are to be paid by the LIGA.”
We adopt the well analyzed opinion of the trial court and find that Shoreline was properly allowed to recover against LIGA. While we have considered the arguments presented by LIGA and have reviewed the case law submitted by LIGA from other jurisdictions, we do not believe that La.R.S. 22:1375 et seq. prohibits the claim asserted herein. See E. L. White, Inc. v. City of Huntington Beach, 138 Cal.App.3d 366, 187 Cal.Rptr. 879 (1982). This is a question of legislative policy, and as the Ursin court pointed out, “establishment of legislative policy is a matter that addresses itself to the legislature, not to the courts.” 412 So.2d at 1291.
We likewise agree with the trial court’s determination that LIGA was not arbitrary and capricious in denying this claim. Shoreline is therefore not entitled to penalties and attorney’s fees.
In answer to LIGA’s appeal, Shoreline asserts that it is entitled to attorney’s fees incurred before LIGA assumed the defense of the main demand brought by Virginia and Fred Thibodeaux. Shoreline relies on La.R.S. 22:1382(l)(b) which provides that LIGA shall have all the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent. Whether this statute includes a claim for attorney’s fees incurred before LIGA becomes a litigant is a question yet to be addressed by our courts. After thoroughly reviewing the record, we find no evidence to support or document Shoreline’s claim. Consequently, we are unable to consider granting the relief requested, and therefore decline to comment on the nature of the obligations mentioned in Section 1382(l)(b).
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.