576 So.2d 1185 (1991)
Sonya Johnson WILLIAMSON, Plaintiff-Appellee/Appellant,
v.
CIGNA/INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant/Appellee.
No. 90-1205.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1186 Jeansonne & Briney, Carl W. Robicheaux, Lafayette, for defendant-appellant/appellee.
Martzell, Thomas, Mitchell J. Landrieu, New Orleans, for plaintiff-appellee/appellant.
Before STOKER, YELVERTON and KING, JJ.
YELVERTON, Judge.
The appeal of this case has been ordered expedited by the Supreme Court of Louisiana.
CIGNA/Insurance Company of North America appealed a judgment casting it for worker's compensation benefits. The judgment was based on a finding that the insurer, having failed to notify the Office of Worker's Compensation of its rejection of the office's recommendation that it pay benefits to the claimant, was conclusively presumed to have accepted that recommendation.
The plaintiff, Sonya Williamson, filed a cross-appeal for attorney's fees due to the defendant's continuing to resist this claim despite what she contends is clear evidence that the office's recommendation is now enforceable.
Based on an accident in 1989 Sonya Williamson filed a claim for worker's compensation with the Louisiana Office of Worker's Compensation. The claim was submitted on October 27, 1989. On November 21, 1989 the office issued a recommendation that benefits be paid. The claimant, Sonya Williamson, received this notification on November 28, 1989, and her employer, Seahorse Farms, received it on December 3, 1989. On November 28, 1989, Williamson notified the office of her acceptance of the recommendation.
On November 30, 1989 the recommendation was received by CIGNA Corporation, the worker's compensation insurer of the employer. CIGNA did not notify the office of its rejection of the recommendation within 30 days. This is evidenced by a certificate issued by the office on January 8, 1990, stating that no party had rejected the recommendation and that it was therefore conclusively presumed accepted.
CIGNA refused to comply with the plaintiff's subsequent judicial demand to enforce the recommendation for benefits. Following defendant's answer, the plaintiff moved for a summary judgment.
The motion for summary judgment was at first denied, the trial judge yielding to CIGNA's argument that there was no summary judgment evidence that it had received the recommendation from the office.
Thereafter, the plaintiff took the deposition of the CIGNA adjustor handling this claim, and the adjustor testified that she had received the notice of recommendation on November 30, 1989, in her office in Houston, and that she returned it that day by ordinary mail with a rejection noted thereon.
When the Motion for Summary Judgment was reasserted with this deposition, the trial judge granted it, interpreting LSA-R.S. 23:1310.1 as placing the burden on parties to notify the office of rejection, failing which, the conclusive presumption of acceptance arises.
The evidence on which the trial judge granted the Motion for Summary Judgment was the formal certificate issued by the office, as well as an affidavit by a representative of the office. The affidavit declared that a search of the file failed to reveal that the office had received any notice from CIGNA of its rejection of the recommendation. The certificate and the affidavit thus stated the same thing.

*1187 CIGNA'S APPEAL
On this appeal CIGNA raises three contentions. All three can be answered by application of simple statutory language.
The first contention is that there is a genuine issue of material fact still in the case, i.e., the office's word (a certificate) against the CIGNA adjustor's word (the deposition) regarding notice of rejection. This argument has no merit. The statute, La. R.S. 23:1310.1, mandates that "each party shall notify the office", and
A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office.
CIGNA's summary judgment evidence was its employee's recollection that she mailed the rejection by ordinary mail. CIGNA had no evidence that the office received the rejection. The statute's conclusive presumption based on an absence of notification places no importance on evidence of mailing. What is important is actual notice. If this were not so, the statute would frequently fail in its purpose. Under the statute, each party has the absolute burden of proving not merely that the notice of rejection was sent, but also that it got there. Failure to communicate the rejection to the office within 30 days results in a conclusive presumption of acceptance. Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3d Cir.1986); Schulin v. Service Painting Company of Louisiana, 479 So.2d 939 (La.App. 1st Cir. 1985), writ denied, 481 So.2d 634 (La.1986).
The second contention is that the trial judge by accepting the affidavit of an employee of the office, violated the confidentiality rules of La. R.S. 23:1293 then in effect. We do not need to answer this argument. The affidavit was redundant. The office issued a certificate to both parties indicating that it had not been notified of the rejection by either party and that accordingly the conclusive presumption of acceptance had been triggered. This certificate was sufficient proof of non-receipt of notice of rejection.
The third contention is that the trial court erred in quashing a subpoena duces tecum requested by CIGNA for the discovery of the office's file. CIGNA argues that this ruling in effect prevented it from producing evidence to cross-examine the office on the subject of receipt of its rejection. There was no error in this ruling. Any cross-examination of an employee of the office, beyond the contents of the certificate, would have been in violation of La. R.S. 23:1318. This statute prohibits any party from subpoenaing the director or any employee of the Office of Worker's Compensation for the purpose of testifying in any legal proceeding concerning its recommendation or any related matter.

WILLIAMSON'S CROSS-APPEAL
The plaintiff complains that this one and one-half year delay has been caused by one maneuver after another, inconsistent defenses, and other delaying tactics by CIGNA reflecting indifference to statutory requirements, and that this amounts to arbitrary and capricious conduct entitling her to attorney's fees. The plaintiff also asks for sanctions.
We will deal with the question of sanctions first. Ms. Williamson complains that defendant forced a second hearing on the motion for summary judgment when it knew or, after reasonable inquiry, should have known that its defense was not well-grounded in fact. The circumstances giving rise to this contention have to do with the arguments made during the first hearing on the motion for summary judgment. CIGNA argued that it was plaintiff's burden of proof to show that it had received the recommendation of the office. Finding that the summary judgment evidence did not include such proof, the trial judge denied that initial motion. This caused plaintiff's counsel to have to go from New Orleans to Houston to take the deposition of the adjustor. This revealed that the adjustor had executed an affidavit, which was in opposing counsel's possession, four days before the first hearing indicating that CIGNA had received the recommendation on November 30, 1989. Counsel for plaintiff contends that it was an ill practice for *1188 CIGNA's attorney to conceal this fact and force a trip to Houston under the circumstances, and that sanctions for that conduct should include at least his expenses to Houston for the taking of the deposition.
The sanctions statute, La. C.C.P. art. 863(B), states that the signature of an attorney or party to any pleading "shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact...."
Our examination of the record reveals that the only time counsel for CIGNA questioned the plaintiff's ability to prove that CIGNA had received notice of the recommendation was in a brief filed with the district court. The sanctions statute applies only to pleadings. A brief is not a pleading. Furthermore, sanctions can be imposed only after a motion is filed and a contradictory hearing is conducted, and may not be raised for the first time in brief. No motion for sanctions has been filed in the district court. La. C.C.P. art. 863(D) & (E); Petroleum Helicopters, Inc. v. General Motors Corp., 561 So.2d 203 (La.App. 3d Cir.1990).
Turning to the other cross-claim, we are unable to grant plaintiff the relief requested. However, plaintiff has the right to assert this demand in the district court.
In her Petition to Enforce Worker's Compensation Agreement, plaintiff prayed for an order granting attorney's fees and costs. In this cross-appeal, she asked this court under the broad authority of La. C.C.P. art. 2164, which authorizes this court to render any judgment which is just, legal and proper upon the record on appeal, to grant attorney's fees for the arbitrary and capricious failure of the defendant to pay compensation in this case. The trial judge in granting summary judgment neither considered nor ruled on this issue, and properly so. Although the defendant's conduct may well have been arbitrary and capricious in this case that issue was not before the court on summary judgment. Nor could it have been, because it is a contested factual matter; moreover, there was no evidence presented to the trial court regarding the amount of attorney's fees to be awarded. Counsel attached a time and expense record to his brief on this cross-appeal but this court is not a trial court. Accordingly, Ms. Williamson will have to litigate her entitlement to attorney's fees in other proceedings in the trial court. We can grant no such relief here.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Defendant will pay the costs of this appeal. The case is remanded to the trial court.
AFFIRMED; REMANDED.