893 So.2d 867 (2005)
Casey BILLIESON, et al.
v.
CITY OF NEW ORLEANS, et al.
No. 2004-CA-2774.
Supreme Court of Louisiana.
January 28, 2005.
PER CURIAM.
Scottsdale Insurance Company invokes the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared 2003 La. Acts. 994 to be unconstitutional.
Pretermitting the merits, we find the issue of constitutionality was not properly raised in this case. In Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/20/94), 646 So.2d 859, this court explained that the unconstitutionality of a statute must be specially pleaded in the district court:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [emphasis added; citations and footnotes omitted].
A review of the record indicates the issue of constitutionality was first raised in plaintiffs'"Supplemental Memorandum in Support of Class Plaintiffs' Reurged Motion to Enforce La. R.S. 22:1255 against Scottsdale Insurance Company." As explained in Vallo, a memorandum is not a pleading recognized under the Code of Civil Procedure and is therefore not a proper method to challenge the constitutionality of a statute.
Accordingly, we vacate the judgment of the district court. The case is remanded to the district court allow plaintiffs to specially plead the unconstitutionality of the 2003 La. Acts. 994 and for the issue to be fully litigated. See La.Code Civ. P. art. 2164; Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).