897 So.2d 584 (2005)
Wayne Andre REED
v.
Angela Jones REED.
No. 2005-CA-0375.
Supreme Court of Louisiana.
March 24, 2005.
PER CURIAM.
The State of Louisiana on behalf of Angela Jones Reed invokes the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared La. R.S. 46:236.2(C) and (D) to be unconstitutional.
Pretermitting the merits, we find the issue of constitutionality was not properly raised in this case. In Vallo v. Gayle Oil *585 Company, Inc., 94-1238 (La.11/20/94), 646 So.2d 859, this court explained that the unconstitutionality of a statute must be specially pleaded in the district court:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [citations and footnotes omitted].
Although plaintiff's petition to nullify judgment and exception of no right and/or no cause of action were proper pleadings, nothing in either pleading addressed the constitutionality of the statute. Rather, a review of the record indicates the issue of constitutionality was first raised during the hearing on plaintiff's motion to nullify judgment and exception of no cause and/or no right of action. By failing to specially plead the constitutionality of La. R.S. 46:236.2(C) and (D), plaintiff failed to utilize the proper method to challenge constitutionality of these provisions.
Accordingly, we vacate the judgment of the district court. The case is remanded to the district court to allow plaintiff to specially plead the unconstitutionality of La. R.S. 46:236.2(C) and (D) and for the issue to be fully litigated.
TRAYLOR, J., would docket this appeal for briefing and argument, therefore dissents from the per curiam disposition.