24 So.3d 891 (2009)
John MILLER
v.
CRESCENT CITY HEALTH CARE CENTER.
No. 2008-CA-1347.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 2009.
*892 Ivan A. Orihuela, Riguer Silva, LLC, Kenner, LA, for Plaintiff/Appellant.
Thomas C. Cowan, J. Michael Daly, Jr., Cowan & Lemmon, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
PATRICIA RIVET MURRAY, Judge.
This is a nursing home medical malpractice action. The plaintiff, John Miller, appeals from the trial court's decision sustaining a dilatory exception of prematurity and a peremptory exception of prescription filed by the defendant, Crescent City Health Services ("Crescent City"). For the reasons that follow, we affirm the trial court's ruling sustaining the prescription exception, reverse its ruling sustaining the prematurity exception, and remand for further proceedings consistent with the views expressed in this opinion.

FACTUAL AND PROCEDURAL BACKGROUND
On September 17, 2003, Mr. Miller filed a complaint requesting a medical panel review pursuant to La. R.S. 40:1299.41, et seq. In his complaint, Mr. Miller alleged that Crescent City's medical malpractice that formed the basis for his complaint arose out of the following facts: "On September 30, 2001, Vivian Miller, wife of John Miller, died as a result of negligent nursing care provided to her by Crescent City Health Care Center." Thereafter, a medical review panel convened. The panel members unanimously determined that the evidence did not support the conclusion that Crescent City failed to meet the applicable standard of care as charged in the complaint.[1]
*893 On June 1, 2007, Mr. Miller filed the instant suit. According to the petition, Mr. Miller's now deceased wife, Vivian Miller, was admitted to Crescent City's nursing home on April 5, 2001, and resided there until September 17, 2001, when she died. The gist of the allegations of the petition is that Crescent City was negligent in providing nursing care to Mrs. Miller during the time she was in its care.
Crescent City responded by contemporaneously answering the petition and filing exceptions of prematurity and prescription. Crescent City asserted that it was a qualified health care provider and thus entitled to the protections of the Medical Malpractice Act, La. R.S. 40:1299.41, et seq. (the "MMA"). It further asserted that several of the causes of action or complaints raised in Mr. Miller's petition were not brought before the medical review panel as required by the MMA and thus were premature. La. R.S. 40:1299.47. It still further asserted that several of Mr. Miller's claims were prescribed at least in part.
On November 30, 2008, a hearing was held on the exceptions. On January 9, 2009, the trial court rendered a judgment sustaining the exceptions for the reasons orally stated at the hearing. On January 22, 2008, the trial court rendered written reasons for judgment.
At the November 2008 hearing, Crescent City's attorney acknowledged that insofar as Mr. Miller's petition asserted malpractice claims that were reviewed by the panel it was timely filed. However, as to newly alleged malpractice claims  claims that were not raised in the complaint filed in the panel proceeding  Crescent City argued that those claims were premature and prescribed. Although the trial court sustained the prematurity exception, it declined to decide if those newly asserted malpractice claims were prescribed.[2] The trial court further found that certain of the claims asserted in the petition were tort claims not subject to the MMA. The trial court found that those tort claims, which are subject to a one year prescriptive period, had prescribed. The trial court thus sustained Crescent City's prescription exception as to the tort claims and dismissed those claims with prejudice. The trial court denied Mr. Miller's motion for new trial. This appeal followed.[3]

DISCUSSION
On appeal, Mr. Miller's sole assignment of error is that the trial court erred in granting the exception of prematurity and the exception of prescription because the record does not contain sufficient evidence to support that ruling.

Prescription Exception
Although Mr. Miller assigned as error the trial court's granting of both the exception of prematurity and prescription, *894 he briefed only the exception of prematurity. Nonetheless, we affirm the trial court's ruling sustaining Crescent City's exception of prescription as to the tort claims. Mrs. Miller died on September 30, 2001, but Mr. Miller failed to file suit until June 8, 2007, well beyond the one one-year prescriptive period. We thus find the trial court correctly sustained the prescription exception as to the tort claims.[4]

Prematurity Exception
The gist of Mr. Miller's argument is that Crescent City failed to introduce evidence at the hearing on the exceptions to establish the fact that Mr. Miller's petition included allegations that were not raised in his medical malpractice complaint (request for review). This argument is based on the assumption that an exception of prematurity must be sustained unless the plaintiff's petition tracks the language in the complaint submitted to the medical review panel. This assumption is belied by the nature of a medical review panel proceeding.
By its nature, a medical review panel proceeding encompasses the plaintiffs' entire substantive cause of action against a medical provider for the alleged malpractice  negligent provision of services. A medical review panel proceeding is a non-judicial, pre-suit filtering process that is a prerequisite for filing a claim against a qualified health care provider in court. Everett v. Goldman, 359 So.2d 1256 (La.1978); LSA-R.S. 40:1299.47(A)(1).[5] Simply stated, the process is commenced by the claimant filing a request for review or proposed complaint.[6] Based on the evidence before it, the panel renders a decision regarding whether the evidence supports a finding that the medical provider breached the applicable standard of care.[7]
*895 The difference between a request for review to initiate a panel proceeding and a petition to initiate a lawsuit was addressed by the Louisiana Supreme Court in Perritt v. Dona, 02-2601, 02-2603 (La.7/2/03), 849 So.2d 56.[8] The Court stated that a request for review "is not required to be a fact pleading with the specificity that may be required of a petition in a lawsuit; rather, the claim need only present sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the Act." Perritt, 02-2601, 02-2603 at p. 13, 849 So.2d at 65. A concurring justice further elaborated that although the MMA refers to the request for review as a "proposed complaint" and thus suggests the need for a claimant to set forth the standard of review, "such a necessity is tempered by the nature of the non-judicial setting and the differing roles of the experts on the review panel and the lay persons bringing the claims." Perritt, 02-2601, 02-2603 at pp. 3-4 (Weimer, J., concurring), 849 So.2d at 68. Justice Weimer further noted that under Louisiana's system of fact pleadings it is unnecessary to plead a legal duty or the standard of care. Perritt, 02-2601, 02-2603, at p. 4 (Weimer, J, concurring), 849 So.2d at 68 (citing La. C.C.P. art. 854, cmt. (a)). By analogy, Justice Weimer explained the same is true for the medical review complaint:
Likewise, the material fact allegations necessary for the malpractice complaint that commences the medical review panel proceedings must be sufficient for the expert panel to draw their conclusions regarding the applicable standard of care and whether a breach of that standard occurred. The material fact allegations should state, in laymen's terms, the health care provider's action or inaction and the claimant's injury that would not otherwise have been incurred. Factual allegations of this nature thus satisfy the requirement in LSA-R.S. 40:1299.47(G)(1) and (2) that the expert panel's conclusion be drawn from "the applicable standard of care as charged in the complaint." LSA-R.S. 40:1299.47(G).
Perritt, 02-2601, 02-2603 at pp. 4-5 (Weimer, J, concurring), 849 So.2d at 68-69.
*896 Applying these principles to the instant case, Mr. Miller's complaint seeking review of his malpractice claim alleged that the malpractice at issue was the negligent nursing care provided by Crescent City to his wife, Vivian Miller, which resulted in her death. The medical review panel has already been convened and considered the claimed malpractice. The medical review panel reviewed the submissions of both Mr. Miller and Crescent City and determined that the evidence did not support a finding that Crescent City breached the standard of care. Our review of the petition filed by Mr. Miller reveals that he alleges that Vivian Miller died on September 30, 2001, as a result of negligent nursing care provided to her by Crescent City. This allegation was the subject of the medical review panel proceeding. Given that a medical review panel has already considered the claimed malpractice, we find that the trial court erred in maintaining the exception of prematurity.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining the exception of prematurity is reversed. In all other respects, the judgment of the trial court is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TOBIAS, J., concurs in part, dissents in part, and assigns reasons.
I respectfully concur in the majority's ruling that the peremptory exception of prescription filed by the defendant/appellee, Crescent City Health Services ("Crescent City"), was properly sustained by the trial court. I state my reasoning infra. However, I respectfully dissent from the majority's ruling that overrules Crescent City's dilatory exception of prematurity.
My review of the record establishes the facts of this case to be as follows:
This case arises out a claim filed by John Miller ("Miller") against Crescent City, alleging that it provided improper care to Vivian Miller ("Vivian"), Miller's wife, while in its care. Miller claims that Vivian suffered injuries and damages over an extended period of time, which lasted through 30 September 2001, the date on which she died.
The original complaint was timely filed with the Louisiana Patient's Compensation Fund ("PCF"). See La. R.S. 40:1299.41, et seq. A medical review panel convened on 16 January 2007, which rendered a unanimous decision that the evidence submitted to the panel did not support that Crescent City failed to meet the applicable standard of care as charged in Miller's complaint.[1]
Miller filed the instant lawsuit on 1 June 2007. In response, Crescent City filed the dilatory exception of prematurity and peremptory exception of prescription. Crescent City argued that many of the allegations raised by Miller in his suit filed in the trial court were not properly brought before the medical review panel and, therefore, premature. Also, Crescent City contended that matters not properly brought before the medical review panel, i.e., breach of fiduciary duty and unfair trade practices, had prescribed because they were not brought within one year of the date of the alleged malpractice.
*897 The matter was heard by the trial court, which granted the exceptions on 9 January 2009. In its reasons for judgment, the trial court found all new medical malpractice claims were premature, requiring that a new medical malpractice panel be convened. In addition, the court granted the exception of prescription as to the plaintiff's tort claims,[2] dismissing them with prejudice.
Miller filed a motion for new trial, which was subsequently denied by the trial court without hearing. It is alleged by Crescent City that no subsequent complaint to the PCF was ever filed by Miller. Thus, Crescent City asserts that all additional claims by Miller are now prescribed. However, the issue of whether Miller filed a new complaint with the PCF is not before us and is immaterial to our consideration because Miller appealed the trial court's decision determining his claim was premature
In this appeal, Miller has assigned only one error for our review: the trial court erred in granting Crescent City's exceptions of prematurity and prescription because the record did not contain sufficient evidence to support them.[3] I discuss these in inverse order.

I. Prescription
The trial court correctly found that Miller's claims for unfair trade practices and breach of fiduciary duty are prescribed. Vivian's death occurred on 30 September 2001; Miller's petition was filed on 1 June 2007, well outside the one-year prescriptive period for each of these alleged causes of action. While the allegations were not submitted to the medical review panel, they do not fall within the definition of "malpractice," and the medical review panel could not rule upon them.[4] Accordingly, Miller was required to file a separate suit within one year of Vivian's death in order to preserve the non-malpractice tort claims. To the extent that the plaintiff's original petition filed in the trial court on 1 June 2007 contains additional allegations that can be construed as torts, these are prescribed.

II. Prematurity
I find that Miller correctly argues that the record before us is insufficient for the trial court's granting of the exception of prematurity. At no time was the entirety of the initial complaint that Miller filed with the PCF, consisting of his cover letter of transmittal and draft "petition" (which I designate herein collectively as "Miller's PCF Complaint") and reviewed by a medical review panel entered into the record *898 as designated on appeal pursuant to La. C.C.P. art. 2128.[5] Therefore, I cannot ascertain, and certainly the majority did not and cannot ascertain, whether or not the trial court compared Miller's PCF Complaint with the actual petition Miller filed in the trial court on 1 June 2007 (which I designate herein "the Filed Petition of 1 June 2007") after the medical review panel had reached its decision.[6] Additionally, the record on appeal does not contain any evidence of the submissions by the parties to the medical review panel; ergo, one has no idea what the medical review panel considered. However, Crescent City did attach a copy of Miller's PCF Complaint to its appellate brief filed in this court; this court cannot consider part of the Miller's PCF Complaint because attachments to appellate briefs are not parts of the record on appeal, as explained infra.
Crescent City contends that Miller's PCF Complaint was attached to its exceptions (actually meaning to its memorandum in support of its exceptions); however, I find the memorandum filed in support of the exceptions references Miller's PCF Complaint as exhibit "B;" exhibit "B" to the exceptions in our record consists of only the cover letter sent to the PCF and a copy of the Filed Petition of 1 June 2007. (That is to say, the appellee attached the wrong "petition" to the exceptions; the appellee did not attach a copy of the "draft" petition attached to the cover letter.) In any event, the entirety of Miller's PCF Complaint is not in the record on appeal, save for the copy attached to the appellee's brief. If Crescent City had reviewed the record designated on appeal and found a portion missing, it had the duty to require that the record be supplemented. See La. C.C.P. art. 2128.
The record on appeal does not reflect that the trial court made a comparison of Miller's PCF Complaint and the Filed Petition of 1 June 2007, evidenced by the absence of the entirety of Miller's PCF Complaint in the record on appeal. Further, the trial court did not review the submissions by the parties to the medical review panel. One must thus of necessity, based upon the specific assignment of error of Miller made to this court, conclude that the trial court erred in granting the dilatory exception of prematurity because the trial court did not have before it any evidence to compare the Filed Petition of 1 June 2007 to anything except the cover letter portion of Miller's PCF Compliant.
A court of appeal is a court of record, which must limit its review to evidence in the record before it La. C.C.P. art. 2164. The courts of this state have consistently held that attachments to briefs are not *899 parts of the record on appeal and cannot be considered by the court in resolving issues on appeal. Some of these cases, which are too numerous to list, arising from the Louisiana Supreme Court and five circuit courts of appeal are:[7]Board of Directors of Industrial Development Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of the City of New Orleans, 03-0826, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 740, 744; Littlejohn v. Quiram, 01-0075, pp. 2-3 (La.App. 4 Cir. 10/24/01), 800 So.2d 73, 74; Dolese v. Harvey, 94-1763, p. 2 n. 1(La.App. 4 Cir. 1/19/95), 649 So.2d 100, 101; Tayco Const. Co., Inc. v. La. Cuisine Restaurant, Inc., 593 So.2d 954, 955 (La.App. 4th Cir.1992); Bordes v. Simplex Mfg. Co., 537 So.2d 1217 (La.App. 4th Cir.1989); Tenneco Oil Co. v. Chicago Bridge & Iron Co., 495 So.2d 1317, 1323 (La.App. 4th Cir.1986); Titlesite, L.C. v. Webb, 36,437, pp. 12-13 (La.App. 2 Cir. 12/11/02), 833 So.2d 1061, 1068-69; Murray v. Town of Mansura, 06-355, pp. 17-18 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, 844; Louisiana Offshore Properties, Inc. v. Manti Resources, Inc., 99-1088, pp. 5-6 (La.App. 3 Cir. 12/29/99), 755 So.2d 988, 992-93; Hover v. Farber, 05-613, pp. 3-4 (La.App. 5 Cir. 1/31/06), 922 So.2d 637, 638; Our Lady of the Lake Hosp. v. Vanner, 95-0754, p. 4 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 465; Martin v. Comm-Care Corp., 37,600, p. 6 (La.App. 2 Cir. 10/16/03), 859 So.2d 217, 221; State in the Interest of Solomon, 95-0638, p. 6 (La.App. 4 Cir. 3/27/96), 672 So.2d 1039, 1042; Tranum v. Hebert, 581 So.2d 1023, 1026-27 (La.App. 1st Cir.1991); Dawson v. Cintas Corp., 97-2275, p. 3 (La.App. 1 Cir. 6/29/98), 715 So.2d 165, 167; Augustus v. St. Mary Parish School Board, 95-2498, p. 16 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1156; Reed v. Peoples State Bank of Many, 36, 531, p. 5 (La.App. 2 Cir. 3/05/03), 839 So.2d 955, 958; Cajun Elec. Power Co-op. v. Owens-Corning Fiberglass Corp., 580 So.2d 465, 466 (La.App. 5th Cir.1991); Robertson Roofing & Siding, Inc. v. Greenberg, 96-107, p. 4 (La. App. 5th Cir.5/28/96), 693 So.2d 158, 159; Capitol Drilling Co. v. Graves, 496 So.2d 487, 489 (La.App. 1st Cir.1986); Fred H. Moran Construction Corporation v. Elnaggar, 441 So.2d 260, 264 (La.App. 1st Cir.1983); Miller v. Grand Casino Coushatta, 02-468, p. 3 (La.App. 3 Cir. 10/30/02), 829 So.2d 1113, 1115; City of New Orleans v. DiBenedetto, 144 So.2d 558, 560 (La.App. 4th Cir.1962); Chase v. Davis, 20 La. Ann. 201, 201 (La.1868); Boes Iron Works, Inc. v. Travelers Cas. and Sur. Co. of America, 05-782, p. 6 (La.App. 5 Cir. 3/28/06), 927 So.2d 553, 556; Caldwell v. State ex rel. Dept. of Social Services, Office of Community Services, 07-890, p. 6 (La.App. 5 Cir. 5/27/08), 991 So.2d 546, 549; Olson v. Olson, 04-1137, p. 5 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 55; Barrois v. Wal-Mart Stores, Inc., 97-636, pp. 3-4. (La.App. 5 Cir. 11/25/97), 703 So.2d 798, 799; Vallo v. Gayle Oil Co., Inc., 94-1238, pp. 7-8 (La.11/30/94), 646 So.2d 859, 864-65; Smith v. Willard, 97-1772, p. 5 (La.App. 4 Cir. 3/11/98), 711 So.2d 723, 726; Bustamente v. Jefferson Parish Inspection & Code Enforcement, 96-320, p. 7 (La.App. 5 Cir. 10/1/96), 683 So.2d 822, 826; Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 5 (La.1/26/96), 671 So.2d 899, 902; Reeder v. North, 97-0239, p. 14 (La.10/21/97), 701 So.2d 1291, 1299; M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-0450, p. 1 (La.4/27/07), 956 So.2d 573, 574; Unwired Telcom Corp. v. Parish of Calcasieu, 03-0732, pp. 7-8 (La.1/19/05), 903 So.2d 392, 399; Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 823, 827, n. 1 (La. App. 3rd Cir.1992); Williamson v. CIGNA/Insurance *900 Co. of N. Am., 576 So.2d 1185, 1188 (La.App. 3rd Cir.1991); Petroleum Helicopters, Inc. v. General Motors Corp., 561 So.2d 203, 206 (La.App. 3rd Cir.1990); Jeanmarie v. Butler, 05-1439, p. 2 (La.App. 4 Cir. 10/11/06), 942 So.2d 578, 579; Holmes v. LSU/E.A. Conway Medical Center, 43,662, p. 10 (La.App. 2 Cir. 10/22/08), 997 So.2d 605, 612; Meaux v. Galtier, 07-2474, p. 2 (La.1/25/08), 972 So.2d 1137, 1138; Bouterie v. Crane, 604 So.2d 1051, 1052 (La.App. 5th Cir.1992), reversed on other grounds, 616 So.2d 657 (La.1993); Urban Management Corp. v. Shreveport Airport Authority, 602 So.2d 1055, 1056 (La.App. 2nd Cir.1992); In re Succession of McKay, 05-603, p. 4 (La. App. 3 Cir. 1/2/06), 921 So.2d 1219, 1222; Chinn v. Mitchell, 98-1060, p. 5 (La. App. 1 Cir. 5/14/99), 734 So.2d 1263, 1267; In re Medical Review Panel of Harris, 97-1970, p. 4 (La.App. 1 Cir. 9/25/98), 725 So.2d 7, 9; Rodgers v. James River II, Inc., 94-1807, p. 5 (La.App. 4 Cir. 9/28/95), 661 So.2d 173, 176; Reed v. Reed, 05-0375, p. 1 (La.3/24/05), 897 So.2d 584, 585; State v. Hatton, 07-2377, p. 19 (La.7/1/08), 985 So.2d 709, 722; Hillman v. Akins, 93-0631, p. 5 (La.1/14/94), 631 So.2d 1, 5; Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1261; Arrington v. Galen-Med., Inc., 04-1235, p. 2 (La.App. 3 Cir. 7/6/07), 970 So.2d 540, 542; Reno v. Scafco, L.L.C., 03-1232, p. 6 (La.App. 3 Cir. 3/3/04), 870 So.2d 311, 314; Billieson v. City of New Orleans, 04-2774, pp. 1-2 (La.1/28/05), 893 So.2d 867; Basco v. Dorthy R. Racine Trucking, Inc., 97-2740, p. 7 (La.App. 1 Cir. 12/28/98), 725 So.2d 606, 609; Barabay Property Holding Corp. v. Boh Bros. Const. Co., LLC, 07-2005, p. 6 (La.App. 1 Cir. 5/2/08), 991 So.2d 74, 78; Levron v. State Through Dept. of Health & Hospitals, 94-2094, pp. 15-16 (La.App. 4 Cir. 4/24/96), 673 So.2d 279, 290; Abuan ex rel. Valdez v. Smedvig Tankships, Ltd, 00-1120, p. 6 (La.App. 4 Cir. 4/11/01), 786 So.2d 827, 832; Johnson v. Aymond, 97-1466, p. 5 (La.App. 3 Cir. 4/1/98), 709 So.2d 1072, 1075; Strickland v. Doyle, 05-11, pp. 5-6 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 853; Leday v. Safeway Ins. Co. of La., 04-610, p. 9 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084, 1090; C & B Sales & Service, Inc. v. Slaughter, 04-551, pp. 5-6 (La.App. 3 Cir. 10/20/04), 885 So.2d 683, 686-687; Distefano v. B & P Const., Inc., 04-25, p. 5 (La.App. 5 Cir. 5/26/04), 874 So.2d 407, 411; Gray v. Crocker, 37,683, p. 2, fn. 2 (La.App. 2 Cir. 9/24/03), 855 So.2d 842, 843; Strong v. Interkraft Corp., 37,427, pp. 5-6 (La.App. 2 Cir. 6/25/03), 850 So.2d 891, 894; State v. Quantex Microsystems, Inc., 00-0307, p. 5 (La.App. 1 Cir. 7/3/01), 809 So.2d 246, 249; Ford Motor Credit Co. v. Brown, 32,995, pp. 4-5 (La.App. 2 Cir. 4/5/00), 756 So.2d 654, 658; State ex rel. R.C. v. Clarke, 33,023, p. 7 (La.App. 2 Cir. 10/27/99), 743 So.2d 843, 848; Hughes v. Olive Garden Italian Restaurant, 31,939, pp. 6-7 (La.App. 2 Cir. 5/5/99), 731 So.2d 1076, 1080; LaFleur v. Entergy, Inc., 98-344, p. 13 (La.App. 3 Cir. 12/9/98), 737 So.2d 761, 768; South Central Bell v. Milton J. Womack & Associates, Inc., 97-2413, p. 3 (La.App. 1 Cir. 11/6/98), 744 So.2d 635, 637; State in Interest of H.D., 98-0953, p. 7 n. 1 (La.App. 4 Cir. 11/4/98), 721 So.2d 1045, 1048 n. 1; Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877, p. 14 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, 405; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 8 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 201; Lewis v. Texaco Exploration and Production Co., Inc., 96-1458, p. 7 (La.App. 1 Cir. 7/30/97), 698 So.2d 1001, 1008; Rhodes v. Executive Risk Consultants, Inc., 26,021, p. 5 (La. App. 2 Cir. 8/17/94), 642 So.2d 269, 273; Oswalt v. State, Dept. of Transp. and Development, 93-850, p. 11 (La.App. 3 Cir. 3/30/94), 640 So.2d 388, 395; Haskins v. State Farm Fire & Cas. Co., 612 So.2d *901 990, 992 (La.App. 2nd Cir.1993); D'Arbonne Bank & Trust Co. v. James, 597 So.2d 165, 166-67 (La.App. 2nd Cir.1992); Willis v. Letulle, 597 So.2d 456, 464 (La. App. 1st Cir.1992); Thibert v. Smith, 560 So.2d 553, 555, n. 3 (La.App. 1st Cir.1990); Younce v. Pacific Gulf Marine, Inc., 07-421, p. 25 (La.App. 5 Cir. 1/22/08), 977 So.2d 117, 134; Perkins v. Fontenot, 548 So.2d 369, 371 (La.App. 3rd Cir.1989); Succession of Lavergne, 129 La. 119, 55 So. 734, 735 (La.1911); Thibodeaux v. Landry, 553 So.2d 1083, 1085 (La.App. 3rd Cir.1989); Pinegar v. Harris, 06-2489, pp. 2-3 (La.App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249; Dawson v. Cintas Corp., 97-2275, p. 3 (La.App. 1 Cir. 6/29/98), 715 So.2d 165, 167; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 8 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 201; Ledet v. National Car Rental System, Inc., 96-1270, p. 3 (La. App. 3 Cir. 6/4/97), 694 So.2d 1236, 1238; Lalena v. Municipal Fire and Police Civil Service Bd., 27,244, p. 1 (La.App. 2 Cir. 9/27/95), 661 So.2d 520, 521-22; Brown v. Brown, 595 So.2d 337, 338 (La.App. 2nd Cir.1992); Shepherd v. City of Baton Rouge/Parish of East Baton Rouge, 588 So.2d 1210, 1211 n. 2 (La.App. 1st Cir. 1991); Graham v. Young, 43 So.2d 297, 298 (La.App. 2nd Cir.1949); A. Baldwin & Co. v. Lelong, 151 So. 132, 132 (La.App. 1933); Smith v. Henderson, 9 La.App. 425, 429, 121 So. 227 (La.App. 2nd Cir.1928); Board of Commissioners v. Louisiana Commission on Ethics, 416 So.2d 231, 238 (La.App. 1st Cir.1982); United General Title Insurance Company v. Casey Title, Ltd, 01-600, p. 7 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065; Augustus v. St. Mary School Board, 95-2498, p. 16 (La. App. 1 Cir. 6/28/96), 676 So. 1144, 1156; Norton v. Thorne, 446 So.2d 972, 974 (La. App. 3rd Cir.1984); Louisiana Business College v. Crump, 474 So.2d 1366, 1369 (La.App. 2nd Cir.1985); Driscoll v. City of New Orleans, 444 So.2d 756, 757 (La.App. 4th Cir.1984); Chapa v. Chapa, 471 So.2d 986, 987-88 (La.App. 1st Cir.1985);; National American Bank of New Orleans v. Purvis, 407 So.2d 754, 757 (La.App. 1st Cir.1981); City of Slidell v. Primo Enterprises, Inc., 542 So.2d 121, 122 (La.App. 1st Cir.1989).
What the majority does is silently overrule a well-established rule of jurisprudence respecting documents attached to briefs that were not introduced in evidence or made part of the formal record on appeal.
One may now presume that the rule of this circuit is that anything a party attaches to his, her, or its brief may be considered by a panel of this court, regardless of whether it appears in the record on appeal and was or was not introduced in the trial court. One would refer to this new procedural rule in the eighteenth century as flummery, in the nineteenth century as humbug, in the twentieth century as bunk, and by some other term in the twenty-first century.
It appears the majority is trying to say that they don't care anything about the specifics of what was presented to the medical review panel. The medical review panel received a submission from each party and rendered a decision. Ergo, they considered everything about which Miller was complaining. This is pure speculation not based upon any evidence because neither the trial court nor this court knows from the record on appeal (a) what the medical review panel specifically held (due to the absence of the opinion of the panel), (b) the absence of the submissions to the medical review panel, and (c) the absence of the "draft" petition portion of Miller's PCF Complaint.
I, therefore, would set aside that portion of the judgment relating to the exception of prematurity and remand the matter to *902 the trial court to again rule upon the exception of prematurity based upon a review of evidence that the parties properly introduce, the entirety of Miller's PCF Complaint, and the Filed Petition of 1 June 2007 (assuming the latter two are properly introduced into evidence). Our procedural law requires nothing less because that is precisely Miller's assignment of error.
GORBATY, J., concurs in part and dissents in part with reasons.
I respectfully concur in the majority's ruling that the peremptory exception of prescription filed by the defendant/appellee, Crescent City Health Services ("Crescent City"), was properly sustained by the trial court. However, I respectfully dissent from the majority's ruling that overrules Crescent City's dilatory exception of prematurity.
BELSOME, J., concurs with reasons.
The record does not evidence that additional medical malpractice claims were asserted. Consequently, the trial court erred in granting the exception of prematurity. I respectfully concur.
NOTES
[1] Although a copy of the medical review panel's opinion is not included in the record on appeal, Crescent City acknowledged in its answer and in its memorandum in support of its exceptions that this matter proceeded to a medical review panel which unanimously found that there was no breach of the applicable standard of care.
[2] In its written reasons for judgment, the trial court reasoned that it was without authority to rule on whether the newly asserted medical malpractice claims were prescribed pursuant to La. R.S. 9:5628. It further reasoned that "[w]hen the panel request is filed, the health care provider can assert a prescription exception in a court of competent jurisdiction and proper venue at any time without regard to whether the medical review panel process is complete." Finally, the trial court noted that it could not entertain a prescription exception as to those newly asserted medical malpractice claims until a new medical review panel is requested. Given our finding that the trial court erred in sustaining the exception of prematurity, we find it necessary to remand for the trial court to address these claims, which it declined to consider.
[3] After Mr. Miller's motion for appeal was granted, Crescent City filed a motion for summary judgment. Although the trial court granted that motion, the trial court's ruling on that motion is not before us on this appeal.
[4] Crescent City invites this court on appeal to find that any and all claims that were not presented to the medical review panel do not relate back and have prescribed. We decline to reach the issue of prescription as to the newly asserted medical malpractice claims. Rather, we find it appropriate to remand for the trial court to address these claims, which we find are not premature.
[5] La. R.S. 40:1299.47(A)(1) provides that:

A. (1)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient's Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
[6] La. R.S. 40:1299.47 A.(1)(b) provides that at a minimum, the request for review of a malpractice claim must contain all of the following:

(i) A request for the formation of a medical review panel.
(ii) The name of the patient.
(iii) The names of the claimants.
(iv) The names of defendant health care providers.
(v) The dates of the alleged malpractice.
(vi) A brief description of the alleged malpractice as to each named defendant health care provider.
(vii) A brief description of alleged injuries.
[7] La. R.S. 40:1299.47(G) provides:

The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days, render one or more of the following expert opinions, which shall be in writing and signed by the panelists, together with written reasons for their conclusions:
(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
(3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
(4) When Paragraph (1) of this subsection is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment.
[8] The Perritt case involved three separate medical malpractice claims pending before medical review panels. In each of those cases, the health care providers asserted that the claimants had failed to provide sufficient notice in their request for review of the material facts. The Court in Perritt held that the health care providers could not compel the claimants to respond to interrogatories requesting information on the standard of care. The Court further held that the health care providers could not file an exception of no cause of action or vagueness during the time the claim was before the medical review panel. Citing La. R.S. 40:1299.47(B)(2)(a), the Court found that the only exception permitted to be filed during the course of the medical review panel proceeding is a peremptory exception of prescription.
[1] The formal written decision of the medical review panel is not part of the record on appeal. Accordingly, I assume that the complaint consists of (1) Miller's counsel's cover letter and (2) the draft petition attached thereto, all as explained in greater detail, infra.
[2] I understand these to include the allegations of breach of fiduciary duty and unfair trade practices.
[3] After Miller's motion for appeal was granted, Crescent City filed a motion for summary judgment that was granted by the trial court. Matters relating to the summary judgment are not before us.
[4] The assertion of unfair trade practices by Miller alleges false, misleading, and deceptive representations as to the quality of care provided by Crescent City. La. R.S. 40:1299.41 A(8), as it read at the time of the alleged acts and omissions of Crescent City, defines malpractice as:

"[A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient."
[5] La. C.C.P. art. 2128 states:

The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.
[6] Of necessity, the majority had to consider the attachment to the appellee's brief of the draft petition attached to Miller's PCF Complaint, which is not part of the record on appeal, in order to reach the conclusion that it does. If the majority did not, then the majority must have powers that this writer does not possess.
[7] Louisiana Supreme Court opinions are set forth in boldface.